ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **PONCE YMCA, INC.**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br><br>V.<br><br><br>**ERNESTO RUIZ ROMERO**<br>DEMANDADA(S)-PETICIONARIA(S) | **TA2026CE00350** | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE**<br><br>Caso Núm.:<br>**PO2024CV00801 (602)**<br><br>Sobre:<br>Daños y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 14 de mayo de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **ERNESTO RUIZ ROMERO** (señor **RUIZ ROMERO**) mediante *Certiorari Bajo la Regla 242 de Procedimiento Criminal* encausado el 20 de marzo de 2026.[1] En su requerimiento, nos solicita que revisemos la *Orden* formulada el día 10 de marzo de 2026 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[2] Mediante la antedicha *Orden* se determinó:

> "Se ordena al Sr. Ruiz, muestre causa en el término de 20 días contados a partir de la notificación de esta orden, indicando las razones por las cuales este Tribunal no deba encontrarlo incurso de desacato y ordenar su inmediato arresto y encarcelamiento".

En conformidad con lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente

---

[1] Se autoriza a **ERNESTO RUIZ ROMERO** a comparecer por derecho propio y litigar como indigente *(in forma pauperis)*.

[2] Dicho dictamen judicial fue notificado y archivado en autos el 10 de marzo de 2025. Apéndice del *Certiorari Bajo la Regla 242 de Procedimiento Criminal*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

despacho".[3] En consideración a lo anterior, prescindimos de la comparecencia de **PONCE YMCA, INC.** y procedemos a disponer sin requerir ulteriores trámites.

- I -

Para el 22 de marzo de 2024, **PONCE YMCA, INC.** interpuso una *Demanda* sobre *injunction*, daños y perjuicios e incumplimiento contractual.[4] Adujo, entre otras cosas, que en los pasados ocho (8) años, el señor **RUIZ ROMERO** había instado múltiples demandas maliciosas y temerarias en su contra. Así, solicitó que el señor **RUIZ ROMERO** cumpliera con el *Acuerdo Confidencial de Transacción y Relevo General* suscrito el 17 de octubre de 2018; y el cese y desista de toda actuación que contravenga dicho *Acuerdo*.

Más tarde, el 22 de mayo de 2024, las partes presentaron una *Moción Conjunta de Sentencia por Estipulación de las Partes* acompañada de una *Estipulación y Solicitud de Sentencia de Conformidad* que se hizo formar parte de su escrito.[5] En la misma, se convino que el señor **RUIZ ROMERO** se allanó a que se emitiera un interdicto preliminar y permanente en su contra, orden de cese y desista de amenazar con y/o demandar y/o reclamar judicial, extrajudicialmente y/o cualquier otra manera, en cualquier Foro a **PONCE YMCA, INC.** y/o a sus pasados, presentes y futuros directores y ejecutivos por hechos cubiertos por el *Acuerdo* y que constituye cosa juzgada, so pena de incurrir en desacato y ordenar su inmediato arresto y encarcelamiento.

Luego de varias incidencias procesales que no son necesarias pormenorizar, el 11 de febrero de 2026, **PONCE YMCA, INC.** presentó una *Moción de Desacato e Inmediato Encarcelamiento*.[6] Apuntó que el 11 de agosto de 2025, el señor **RUIZ ROMERO** entabló una *Sentencia Declaratoria* en la cual peticionó que se dejara sin efecto la directriz de que no se demande en ningún foro a **PONCE YMCA, INC.** por

---

[3] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 13-15, 216 DPR ____ (2025).

[4] Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[5] Entrada núm. 28 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[6] Entrada núm. 62 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). El señor **RUIZ ROMERO** estuvo representado por el licenciado Luis A. Burgos Rivera.

exceder su jurisdicción.[7] Esbozó que con esta actuación, nuevamente incumplía con la *Sentencia* e incurría en desacato. Por ello, el foro *a quo* prescribió la *Orden* impugnada. El 13 de marzo de 2026, el señor **RUIZ ROMERO** presentó su *Moción al Amparo de la Regla 68 de Procedimiento Criminal*.[8] El 15 de marzo de 2026, se dictó una *Orden* expresando:

> Vista la moción presentada, no cumplió con la orden de este Tribunal, se le concede al Sr. Ernesto Ruiz Romero un término final de diez (10) días para que muestre causa por la cual este Tribunal no deba imponerle severas sanciones económicas o, en su defecto, ordenar su arresto y encarcelamiento inmediato por desacato.[9]

Después, el 17 de marzo de 2026, el señor **RUIZ ROMERO** presentó una *Moción*.[10] En la misma fecha, se decidió *Resolución* en la cual se tomó conocimiento y se dejó sin efecto la *Orden*.[11]

En desacuerdo con la *Orden* fechada 10 de marzo de 2026, el 20 de marzo de 2026, el señor **RUIZ ROMERO** recurrió ante este foro revisor mediante un *Certiorari Bajo la Regla 242 de Procedimiento Criminal* y presentó *Moción en Auxilio de Jurisdicción, Expedición del Certiorari y Paralización de los Procedimientos en el Tribunal de Primera Instancia de Ponce, Caso PO2024CV00801*.

- II –

- A – *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[12] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[13]

---

[7] Se le asignó el alfanumérico: **JD2025CV00550**.

[8] Entrada núm. 63 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[9] Entrada núm. 65 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[10] Entrada núm. 66 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[11] Entrada núm. 67 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). Notificada y archivada en autos el 18 de marzo de 2026.

[12] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).

[13] *Íd.*

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[14] No obstante, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[15]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[16] La referida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[17] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[18] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[19]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[20]

---

[14] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[15] *Íd.*
[16] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[17] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[18] 32 LPRA Ap. V., R. 52.1.
[19] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[20] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[21] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[22]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[23] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[24] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[25] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación".[26]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[27] Esto

---

[21] *Íd.*
[22] Véase la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR ____ (2025).; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[23] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[24] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[25] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[26] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[27] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).

es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[28]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[29]

## - B – *JUSTICIABILIDAD*

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[30] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[31] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[32] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[33]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un

---

[28] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[29] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990).
[30] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).
[31] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).
[32] *Íd.*
[33] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).

caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[34] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[35]

- III –

El señor **RUIZ ROMERO** apuntala que el tribunal incidió: (i) al faltar a la Regla 242 de Procedimiento Criminal al no darle la oportunidad de ser oído; y (ii) es prematuro que se le requiera mostrar causa si no fue notificado.

Al justipreciar la totalidad del legajo, se desprende que: (i) el **11 de febrero de 2026**, **PONCE YMCA, INC.** presentó una *Moción de Desacato e Inmediato Encarcelamiento;* (ii) el **10 de marzo de 2026**, se dictaminó la *Orden* recurrida; (iii) el **13 de marzo de 2026**, el señor **RUIZ ROMERO** presentó *Moción al Amparo de la Regla 68 de Procedimiento Criminal;* (iv) el **15 de marzo de 2026**, se dispuso una *Orden* concediendo diez (10) días para mostrar causa; (v) el **17 de marzo de 2026**, el señor **RUIZ ROMERO** presentó una *Moción;* y (vi) **el mismo día**, se proveyó *Resolución* en la cual se tomó conocimiento y se dejó sin efecto la *Orden*.

Ante el hecho de que el **20 de marzo de 2026**, el señor **RUIZ ROMERO** concurrió ante este Tribunal de Apelaciones cuestionando la *Orden* expedida el **10 de marzo de 2026** por la Sala Superior de Ponce del Tribunal de Primera Instancia y el día **17 de marzo de 2026**, se resolvió una *Resolución* en la cual se dejó sin efecto la *Orden*, entendemos que es *académica* la controversia planteada en el *Certiorari Bajo la Regla 242 de Procedimiento Criminal*. Esto es, su planteamiento legal concerniente a la *Orden* fue objeto de un dictamen posterior dejando sin efecto mostrar causa**.** De manera que, procede la ***desestimación*** del *Certiorari Bajo la Regla 242 de Procedimiento Criminal* por *academicidad*.

---

[34] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[35] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).

## - IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por *academicidad,* el *Certiorari Bajo la Regla 242 de Procedimiento Criminal* incoado el 20 de marzo de 2026 por el señor **ERNESTO RUIZ ROMERO; no ha lugar** la solicitud de auxilio de jurisdicción; y ordenamos el cierre y archivo del presente caso[36].

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y certifica la Secretaría del Tribunal de Apelaciones.

<br>

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[36] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-118, 216 DPR ___ (2025). La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) **que el recurso se ha convertido en académico"** y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente".*